## 19252. JONES *v.* GREENWAY, administratrix.

DECIDED DECEMBER 11, 1928.

*Payne & Jones, Noah J. Stone,* for plaintiff in error.
*Sims & Berman,* contra.

LUKE, J. Under the record in this case we are to decide whether or not the trial judge erred in overruling general and special demurrers to a trover petition, which, by paragraph, is substantially as follows: (1) The defendant Winfield Jones resides in Fulton

County, Ga. (2) Mrs. E. W. Greenway, the petitioner, is the duly appointed administratrix of the estate of E. W. Greenway. (3) "Defendant is in possession of 125 shares of capital stock of the General Purchasing Company of Georgia, which said General Purchasing Company of Georgia is a corporation, and said certificate of stock being issued in the name of E. W. Greenway." (4) "Said shares of stock in said corporation represent a part of the estate of E. W. Greenway, deceased." (5) "Said stock is of the value of $100 per share. . . " (6) "Defendant refuses to deliver said stock to your petitioner, or to pay her the profits thereof." (7) Petitioner has demanded possession of said property, and the defendant has refused to deliver the same. (8) Defendant is in possession of said property.

Concurrently with the filing of the petition, plaintiff made the usual bail-affidavit, describing the property sought to be recovered as "125 shares of the capital stock of the General Purchasing Company of Georgia." The sheriff's return stated that the defendant, Winfield P. Jones, failed to make the bond required by law, and surrendered the property.

Defendant demurred to the petition, upon the ground that it failed to set out a cause of action, and the plaintiff amended by alleging that she was bringing the suit as the duly qualified administratrix of the estate of E. W. Greenway, deceased, and by further alleging: "That said stock is represented by certificates, numbers one to seven inclusive, in General Purchasing Company Incorporated, a corporation of Fulton County, Georgia. The first three certificates, numbers 1, 2 and 3, are for twenty-five shares each; certificate No. 4 is for twenty shares; certificate No. 5 is for fifteen shares; certificate No. 6 is for ten shares, and certificate No. 7 is for five shares. The said certificates of stock are dated December 10, 1926, and are signed by E. W. Greenway, President, and Mrs. Sara Hale, Secretary, and this suit is brought to recover said certificates of stock."

The defendant renewed his original demurrer to the petition, and further demurred: (1) Because the amendment set out a new cause of action, in that the original suit was for 125 shares of stock, and the amendment seeks to recover certain certificates of stock. (2) "Because the said amendment seeks to convert the original bail-trover proceedings for the recovery of an intangible

thing, to wit, 125 shares of stock of the General Purchasing Company of Georgia, into bail-trover proceedings for the recovery of tangible things, to wit, the certain certificates of stock as described in the second paragraph thereof." (3) "Because the said amendment seeks to convert the original bail-trover proceedings for the recovery of 125 shares of stock of the General Purchasing Company of Georgia into an action to recover damages for the conversion of the certain certificates representing shares of stock in the General Purchasing Company Inc., as described in the second paragraph of the said amendment." (4) Defendant demurs to that part of paragraph 3 of the original petition which reads as follows: "125 shares of the capital stock of the General Purchasing Company of Georgia," upon the following grounds: (a) "Said allegations are irrelevant, immaterial, and not germane to the issues of said case, for the reason that said suit as amended is limited to an action for the recovery of certificates of stock only." (b), (c) "Said allegations" should be stricken because bail-trover does not lie for the recovery of "shares of stock," they being intangible and incapable of seizure. (5) Defendant demurs to that part of paragraph 4 of the original petition which reads as follows: "That said shares of stock in said corporation," upon the following grounds: (a) "Said suit as amended is brought to recover certain designated certificates of stock of the General Purchasing Company Inc., and not for the recovery of shares of stock in said company," and, therefore, "said allegations are irrelevant, immaterial, and not germane to the plaintiff's cause of action, and should be stricken from said paragraph." (b), (c) Said allegation should be stricken because bail-trover will not lie for the recovery of "stock" in a corporation, it being intangible and incapable of seizure. (6) Defendant demurs "to paragraph 5 of plaintiff's petition upon the ground that said suit as amended is limited to the recovery of certificates of stock in the General Purchasing Company Inc., and for this reason the value of the shares of stock in said designated company is not germane to the plaintiff's cause of action, and does not illustrate any issue in said case, and should be stricken." (7) Defendant demurs to paragraph 6 of the petition, because said suit as amended is brought for the recovery of "certificates of stock," and the refusal to deliver "shares of stock" is irrelevant, and not germane to plaintiff's cause of action. (8)

Defendant demurs to that part of paragraph 2 of plaintiff's amendment which reads, "Said stock is represented by," upon the following grounds: (a) "Said suit as amended is to recover certificates of stock only, in the General Purchasing Company Inc., and for this reason the allegations in said amendment, as quoted with reference to said stock, are irrelevant, immaterial, and not germane to plaintiff's cause of action, and should be stricken from said paragraph." (b) "Shares of stock in a corporation are intangible and incapable of being seized, and for this reason bail-trover will not lie for their recovery, and said allegation should be stricken from said petition as mere surplusage."

A reading of the original petition, and especially of paragraph 3 thereof, leads us to conclude that the action was for the recovery of the concrete, physical evidence of the stock, to wit, the certificates, and not of the intangible, incorporeal thing termed "capital stock," or "stock." If we are correct in this conclusion, the amendment, stating in so many words that the action was brought to recover described certificates of stock, did not change the original cause of action, and was properly allowed. The case of *Small* v. *Wilson*, 20 *Ga. App.* 674 (93 S. E. 518), very much resembles the case at bar, and, in our opinion, supports the conclusions reached above.

Neither did the court err in allowing the petition to be amended to show that the stock represented by the certificates sought to be recovered was in the "General Purchasing Company Incorporated, a corporation of Fulton County, Georgia," instead of in the "General Purchasing Company of Georgia," as alleged in the original petition.

In consonance with our previous rulings that the original petition set out a cause of action, and that the amendment to the petition was properly allowed, we hold that the court did not err in overruling grounds 4 and 5 of the demurrer. We see no objection to the allegation in paragraph 5 of the petition, as to the value of the stock represented by the certificates sought to be recovered, and hold that the overruling of ground 6 of the demurrer was not error. Ground 7 of the demurrer is sustained, with the right in the plaintiff to amend paragraph 6 of the petition by alleging a refusal to deliver "certificates of stock," instead of "stock." Ground 8 of the demurrer is not valid.

Therefore the judgment overruling the demurrer is sustained,

with direction that paragraph 6 of the petition be amended to meet our ruling thereon.

*Judgment affirmed, with direction. Broyles, C. J., and Blood-worth, J., concur.*